UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnny Hayes, | ) | C/A No. 3:09-1869-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Paschall Truck Lines, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, brings this action against the defendant apparently alleging that he was terminated based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the action was filed in the wrong venue and should be transferred to the Western District of Kentucky. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The defendant has filed a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. The court advised the plaintiff in a *Roseboro* order of the importance of his adequate response to the motion and plaintiff did respond to the motion. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was also advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 10, 2010. However, he has not filed any objections and the time to do so has expired.

As the Magistrate Judge correctly notes, Title VII includes a specific provision establishing appropriate venue for all Title VII causes of action and such claims are governed by Section 2000e-5(f)(3) of Title VII rather than the general federal venue statutes. Title VII's venue provision, 21 U.S.C. § 2000e-5(f)(3), states in relevant part:

> An action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district such an action may be brought within the judicial district in which the respondent has his principal office.

Upon review of the facts presented in this case and under § 2000e-5(f)(3), the Magistrate Judge opines that venue of the plaintiff's Title VII claim is improper in the District of South Carolina. The Magistrate Judge also suggests that rather than dismiss the case for improper venue under 28 U.S.C. § 1406(a), that in the interest of justice, the case should be transferred to the District of Kentucky. This court agrees.

After a careful review of the record, the applicable law, the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, the defendant's motion to dismiss is denied. The Clerk shall transfer this action to the United States District Court for the

Western District of Kentucky.

IT IS SO ORDERED.

_Joseph F. Anderson, Jr._

July 13, 2010                    Joseph F. Anderson, Jr.
Columbia, South Carolina         United States District Judge